UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lee Foster,     #194085, | ) | C/A No. 3:10-1469-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Spartanburg City Police Department and Crime Lab; | ) | REPORT AND |
| Spartanburg County; Sheriff Department Crime Lab of | ) | RECOMMENDATION |
| Spartanburg County; Tony Fisher; Chuck Wright; | ) | |
| Officer Mynlor Beach; and Sgt. Ashley C. Harris, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff

is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that

he is under imminent danger of serious physical injury. Therefore, Plaintiff's request to proceed *in*

*forma pauperis* should be denied, and Plaintiff's complaint should be dismissed *without prejudice*

if he fails to timely pay the three hundred fifty dollar ($350) filing fee.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it its frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

_____

[1] Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d),
D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and
recommendations to the District Court.

1

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at Lee Correctional Institution, a facility of the South Carolina Department of Corrections. Plaintiff filed this complaint alleging violation of his civil rights under Title VI of the Civil Rights Act of 1964 based on "both police department crime lab fabricate evidence of wrongful conviction." Docket # 1 at 2. Plaintiff's allegations in the complaint appear to assert his rights were violated during his arrest, pretrial detention and state criminal trial. Plaintiff seeks to "have his sentence vacated[2] and monetary damages deem by this Court upon serving 32 month on wrongful conviction of the City of Spartanburg." Docket #1 at 5. The complaint does not claim Plaintiff is currently in imminent danger of serious physical injury.

This Court may take judicial notice[3] of the three (3) civil actions filed by the Plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, or because

---

[2] Plaintiff cannot be released from prison through a civil rights action, *Heck v. Humphrey*, 512 U.S. 477 (1994), but instead must file a habeas action after exhausting state court remedies. 28 U.S.C. § 2254.

[3] *See Aloe Creme Laboratories, Inc. v. Francine Co*., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Colonial Penn Ins. Co. V. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

the named defendants were either immune from or not amenable to suit under 42 U.S.C. § 1983. *See Foster v. State of SC, et al.*, No. 3:03-384-PMD-JRM (D.S.C. March 5, 2003); *Foster v. Gowdy, et al.*, No. 3:04-23193-PMD-JRM (D.S.C. April 13, 2005); *Foster v. Cole, et al.*, No. 3:09-452-PMD-JRM (D.S.C. June 30, 2009).

In light of Plaintiff's prior "strikes," he cannot proceed *in forma pauperis* with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis,* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full filing fee. If Plaintiff timely pays the full filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized. If Plaintiff does not timely pay the full filing fee, this action should be dismissed without prejudice and without service of process.

## Recommendation

It is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full filing fee (currently $350).[4] If the full filing fee is timely paid, this matter should be returned to the undersigned Magistrate Judge to conduct a review of the Plaintiff's

---

[4] Payment should be made to "Clerk, U.S. District Court," and sent to 901 Richland Street, Columbia, South Carolina, 29201.

complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to timely pay the full filing fee, or seek

an extension of time to do so, it is further recommended that, by additional order of this District

Court, the complaint be dismissed *without prejudice* and without issuance and service of process.

The Plaintiff's attention is directed to the Notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

July 7, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).